IN THE

# SUPREME COURT OF JUDICATURE

OF THE

# STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1859, IN THE FORTY-THIRD
YEAR OF THE STATE.

---

## NAVE v. NAVE and Others.*

Where a cause was not tried by a jury, and hence no question of law was
raised by instructions or a special verdict, and the Court was not asked to
state a case presenting the questions of law, the Supreme Court will not
examine the questions of fact, but the judgment will be affirmed as in an
ordinary appeal upon the weight of conflicting evidence.

It seems that points of law raised during the trial of a cause, should be treated
as waived, unless they were again brought under review in the Court below
by the written reasons upon a motion for a new trial.

APPEAL from the *Fountain* Circuit Court.  Wednesday,
January 5,
PERKINS, J.—This was a bill in chancery filed under the 1859.
old, but heard under the new system of practice.  The ob-
ject of the bill was to settle partnership accounts of long
standing, great variety, and large amounts.  Commission-
ers examined and reported upon them; evidence was also

---

*A petition for a rehearing of this case was filed on the 18th of *February*,
and overruled on the 28th of the same month.

heard by the Court, the cause was taken under advisement for six months, and afterwards a final judgment was rendered awarding an amount to each partner. The plaintiff appeals to this Court. The record and written brief of the plaintiff's counsel, make two hundred and fifty closely written pages of foolscap.

The questions of law which might arise, are not separated from the facts in the case, but an inquiry into them involves the necessity of examining all the evidence. The cause was not tried by a jury; hence, no questions of law are raised by instructions, nor by a special verdict; and the Court was not asked to state a case presenting the questions of law decided. Under such circumstances, this Court will not go into an examination of the questions of fact—the province of the commissioners and jury, or Court below sitting as a jury, will not be invaded, and the judgment will be affirmed as in an ordinary appeal upon the weight of conflicting evidence.

Again: There was no motion, accompanied by written reasons, for a new trial; hence, no motion that the Court could notice. And it would seem to have been the intent of the legislature, in enacting the new code, that points of law raised during the trial of a cause, should be treated as waived, unless they were again brought under review before the Court below, upon a specification in writing, on a motion for a new trial. The statute (2 R. S. p. 119) provides that the motion for a new trial must be based "upon written cause filed at the time," &c.; and (same volume, p. 117) that a new trial may be granted, among other causes, for "error of law occurring at the trial, and excepted to by the party making the application."

The rule would be a reasonable one, that the Court below should have an opportunity, after the hurry of the trial was over, to hear full argument, and consult authorities upon disputed points ruled during its progress, and to correct any error it might conclude it had committed. It might prevent an appeal, in many instances, to this Court, or a reversal, where an appeal was taken.

The practice of this Court has not been, as above indi-

cated it might properly be. The point, however, has never been fully considered, and is not here decided.

*Per Curiam.*—The judgment is affirmed with costs.

*H. W. Chase* and *J. A. Wilstach*, for the appellant.

*R. A. Chandler*, for the appellees.