Nov. Term,
1861.

THORNBURG
v.
ALLEMAN.

Thursday,
December 12.

THORNBURG, Administrator of REAGAN v. ALLEMAN.

APPEAL from the *Morgan* Common Pleas.

PERKINS, J.—*Alleman*, as surviving partner, sued *Thornburg*, administrator of the estate of *Reagan*, deceased, (said *Reagan*, while living, having been *Alleman's* partner,) on an account claimed to be due from *Reagan's* estate to *Alleman*, as surviving partner.

Subsequently, by agreement, the cause of action was enlarged so as to embrace an investigation and settlement of the entire partnership accounts. After this, the cause was referred to a commissioner to take the account.

Subsequently, the commissioner reported; and, on motion, the Court struck out one item in his report, and referred the cause back again to the commissioner for re-investigation, and a second report.

At another term of the Court, a second report was made; the defendant excepted to the report, the exception was overruled, and the cause continued, no bill of exceptions being filed, and no judgment rendered. The future action in the cause showed a waiver of all action by the commissioner. At the term to which the case was continued, the parties appeared; no reference was made by any one to the report of the commissioner, but, says the record, the cause is now, by consent of the parties, submitted to the Court for trial, a jury being waived, and the Court having heard the evidence, and duly deliberated thereon, find for the plaintiff, &c. Thereupon the defendant moved for a new trial, for the single reason, as far as applicable to the state of the case, that "the finding and judgment of the Court were contrary to law and the evidence in the cause;" which motion was overruled, to which ruling the defendant excepted, and filed his bill of exceptions, which contains a volume of evidence, just as detailed by the witnesses, but containing no statement of the accounts between the parties, and no particulars from which a statement could be drawn. The accounts, in fact, between the parties, if they can be ascertained at all from the evidence, can only be so by making them up out

of isolated statements, and conjectures of the witnesses, as taken down; and the bill of exceptions contains the statement, "that this was all the evidence given in the cause."

This Court will not consent to assume the duties of clerks and accountants, to the extent required for a decision of this cause upon the evidence. *Nave* v. *Nave*, 12 Ind. 1; and *Scott* v. *Miller*, *ante*, p. 261.

As to the mode of trial, where a cause is referred to a commissioner or referee, see *Royal* v. *Baer*, *ante*, p. 332, and cases cited.

*Per Curiam.*—The judgment below is affirmed, with 1 per cent. damages and costs.

*W. R. Harrison* and *J. A. Beal*, for the appellant.

*L. Barbour* and *J. D. Howland*, for the appellee.